ROSEMA *v.* CONSTRUCTION MATERIALS CORP.

1. NAVIGABLE WATERS—RIPARIAN RIGHTS—RIGHT OF BOAT OWNER TO OVERLAP ADJOINING LAND.

   Navigable river is public highway navigable in reasonable way by everyone, and therefore riparian owner has right to moor ship of ordinary size alongside his wharf to load or unload, although she may overlap his neighbor's premises, provided reasonable access to same is not prevented.

2. TRESPASS—ACTION AT LAW—INJUNCTION.

   Remedy for trespass is action at law rather than injunction.

3. ADVERSE POSSESSION—EASEMENTS—PRESCRIPTIVE RIGHTS IN WATER FRONT—NAVIGABLE WATERS.

   Owner of dock on navigable river obtains no prescriptive rights to part of river in front of adjoining unimproved land by fact that his boats almost daily overlap it while moored to his dock for loading and unloading.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 19, 1932. (Docket No. 147, Calendar No. 36,456.) Decided June 6, 1932.

Bill by Hermanus Rosema and another against Construction Materials Corporation, a foreign corporation, to enjoin trespassing on plaintiffs' water front. Decree for plaintiffs. Defendant appeals. Reversed.

*Charles E. Misner,* for plaintiffs.

*Parmenter & Van Eenenaam,* for defendant.

BUTZEL, J.   Hermanus Rosema and wife own a strip of land 500 feet long on the north bank of

On navigable stream as highway, see annotation in 7 L. R. A. 272.

Grand River, a navigable stream, near Ferrysburg. Construction Materials Corporation, defendant, owns 1,500 feet of river frontage immediately east of plaintiffs' property. Defendant conducts a large sand and gravel plant on its water front, which is improved by docks for shipping. There is no dock, wharf, or landing of any kind on plaintiffs' river frontage, and it is unimproved except for the dwelling house and barn at the extreme north end. Defendant has a number of boats used in the sand business. One of them would almost daily tie up along the side of defendant's wharf near the easterly line of plaintiffs' property so that the stern of the boat would project out into the water in front of plaintiffs' property, but leave considerable space between the water line and the boat. Several times defendant's agents went on plaintiffs' property in order to tie up its boats, but it does not claim any right to do so, and it has discontinued this practice. At most, there have been casual trespasses. Plaintiffs, however, claim that defendant had no right to moor its boats continually in front of their property, and in asking for injunctive relief they express a fear that defendant may claim prescriptive rights to the use of plaintiffs' water front. We are not confronted with a situation where there are adjoining wharves or docks, or where plaintiffs are being deprived of free access to their property. The correct rule is set forth in *Original Hartlepool Collieries Co.* v. *Gibb,* 46 L. J. Ch. (N. S.) 311 (5 Ch. D. 713, 36 L. T. 433, 3 Asp. M. C. 411), where the court held that a navigable river is a public highway, navigable in a reasonable way by everyone. Accordingly, a riparian owner has a right to moor a ship of ordinary size alongside his wharf, to load or unload, although his boat may overlap his neighbor's

premises, provided reasonable access is not obstructed.

This rule was not changed by *Hilt* v. *Weber,* 252 Mich. 198 (71 A. L. R. 1238), as claimed by plaintiffs. In the instant case, there is no showing of any nuisance. If there is any actionable trespass, the remedy is at law. *McMorran* v. *Cleveland-Cliffs Iron Co.,* 253 Mich. 65. There can be no pre-scriptive rights under the circumstances to a part of the navigable stream in front of plaintiffs' property. The decree of the lower court is reversed, and the bill of complaint dismissed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.